ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GEOFFREY L. RASHAW-BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 09-3075-JAR |
| | ) | |
| **RICARDO CARRIZALES, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **MEMORANDUM AND ORDER**

Before the Court are defendants' Motion for Order of Dismissal, or, in the alternative, for Order Granting Defendants Summary Judgment (Doc. 20); plaintiff's Motion for Extension of Time (Doc. 21), as supplemented by his Response (Doc. 22) to defendant's motion for order of dismissal; and plaintiff's Motion for Reproduction of Documents (Doc. 22). As explained more fully below, defendants' motion for order is denied and plaintiff's motion to file his response out of time and motion for reproduction of documents are granted.

On February 25, 2010, defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 17), seeking dismissal for lack of subject matter jurisdiction and failure to state a claim, or in the alternative, summary judgment. Plaintiff's response was due March 22, 2010.[1] On April 13, 2010, defendants' filed the instant motion, seeking an immediate ruling due to plaintiff's failure to respond. Defendants submit that the motion should be granted merely because it was unopposed.

---

[1]On February 25, 2010, the local rules provided twenty-three days to respond to dispositive motions. D. Kan. R. 6.1(d)(2). The rule was amended, effective March 1, 2010, to provide twenty-one days to respond to a motion to dismiss or for summary judgment. Under both versions of the rule, defendant's response is out of time.

Under D. Kan. Rule 7.4, a "failure to file a brief or response within the time specified . . . shall constitute a waiver of the right thereafter to file such brief or response . . . ."[2] Further, if a "respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion and ordinarily will be granted without further notice."[3] However, "[i]t is improper to grant a motion for summary judgment simply because it is unopposed."[4] This will be the case where the movant fails to make out a prima facie case for summary judgment.[5] It is the role of the Court to ascertain whether the moving party has sufficient basis for judgment as a matter of law.[6] In so doing, the Court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts.[7] Because defendants' motion includes a motion for summary judgment, the Court declines to grant the motion merely because it is unopposed.

Moreover, on April 21, 2010, plaintiff submitted three filings, two of which request additional time to respond to defendants' motion to dismiss, or in the alternative, for summary judgment. In these filings, plaintiff states that he never received a copy of the dispositive motion. He asks the Court to send him copies of defendants' motion filed on February 25, 2010. He also asks for an additional thirty (30) days to respond.

---

[2] D. Kan. R. 7.4.

[3] *Id*.

[4] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Ctl. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[5] *Id*. (citations omitted).

[6] *Id*. (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

[7] *Id*.

Under Local Rule 6.1(a):

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension.
> Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[8] The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including, (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith.[9] A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[10] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[11]

The Court has reviewed plaintiff's filings and finds excusable neglect warranting an

---

[8] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[9] *Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

[11] *Id.*

extension of time to file the response. While the Court declines to grant defendants' motion merely because it is unopposed, the danger of prejudice to plaintiff is still significant if he is not allowed to respond to the motion because all material facts set forth by defendants and supported by the record would be deemed uncontroverted. Plaintiff's delay in responding has not been so significant that it would impact the judicial proceedings—no trial date has even been set. And plaintiff's reason for the delay—that he did not receive defendants' motion—was outside of his reasonable control. The Court further finds that the motion was made in good faith.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Order of Dismissal, or, in the alternative, for Order Granting Defendants Summary Judgment (Doc. 20) is **denied**. Plaintiff's Motion for Extension of Time (Doc. 21) and plaintiff's Motion for Reproduction of Documents (Doc. 22) are **granted**. **The Clerk is directed to send defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 17) and Memorandum in Support (Doc. 18), along with the exhibits thereto, to plaintiff by certified mail. Plaintiff's Response is due no later than June 14, 2010.**

**IT IS SO ORDERED.**

Dated: April 26, 2010

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE